REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
You have asked us four questions concerning the number of votes necessary for certain actions taken or to be taken in the Special Session set to commence on November 5, 1982. We will answer your questions in the order they were asked.
In your first question you ask if a bill amendatory of appropriations enacted in the regular session is passed without the emergency clause and with 25 votes and signed by the Governor would the sums set forth in such bill be those which the State Board of Equalization is required to utilize in setting tax rates. Neb.Rev.Stat. § 77-2715.01 (Supp. 1982) in subsection (1)(b) provides:
 If the Legislature should meet in a special session during any year, the board shall add to the appropriations and express obligations as certified pursuant to subdivision (a) of this subsection, the appropriation for the legislative session, all miscellaneous claims, deficiency bills, and all emergency appropriations and express obligations.
While this subsection does not directly answer the question of what is to be done if the Legislature meets in special session and reduces previously made appropriations, it seems clear to us that this section does contemplate that the State Board of Equalization and Assessment shall consider the action taken by the Legislature at any special session in determining the rate at which the tax levies shall be set. Further, in subsection (2) of the same section it is provided that the board shall meet within 30 days after each special session of the Legislature and requires the board to take into consideration the appropriations and express obligations for such special session and then establish such rates as may be necessary. It is therefore our opinion that the board must consider the action taken at the special session.
In your second question you ask whether it is correct that 30 votes are required to pass a bill that provides for total appropriations in excess of that recommended by the Governor. You then set forth an example: If the total General Fund appropriation recommended by the Governor is 700 million and the total included in the bill of final reading is 705 million, are 30 votes required. We cannot precisely answer your question in the terms in which you phrase it.
Generally it may be said that the recommendation made to the Legislature by the Governor during the special session will require 25 votes. In this regard we refer you to LB 8 of the special session of last year, Eighty-seventh Legislature, First Special Session. In that special session a bill was introduced which amended the appropriations that had been made in the regular session that same year. That bill was an act relating to appropriations to amend certain appropriation bills that had been previously passed by the Legislature. This action is somewhat different than the action contemplated by Article IV, Section 7, of the Constitution, where the budget bill prepared by the Governor requires a vote of three-fifths of the Legislature in order to exceed such recommendation. Here, the action being taken is not to exceed the recommendation originally made by the Governor but whether to concur as a legislative body in a recommendation of the Governor that previously made appropriations be reduced.
It is axiomatic that the Governor can limit the business to be transacted by the Legislature at a special session called pursuant to his proclamation. It is, however, also quite clear that the Governor may not confront the Legislature with a yes or no proposition with respect to the matter for which they are called. Here, the Governor is proposing to amend appropriations bills which have already been enacted by reducing those previously enacted appropriations by some amount. The refusal of the Legislature to concur in such a reduction would not constitutionally require 30 votes. Rather, it would simply require 25 votes because it is in effect an amendment from a previously established appropriation and not a vote to appropriate more to a particular agency than recommended by the Governor. We therefore believe that should the Governor recommend, as an example a 3 percent reduction in an agency having an appropriation of one million dollars, the Legislature could refuse to amend that particular section of the previously made appropriation.
To the extent then that you are asking whether or the total recommended budget of the Governor in the special session amounts to a budget recommendation as contemplated by Article IV, Section 7, which would require 30 votes to exceed the Governor's recommendation, our answer to you is probably not, although individual recommendations might require a different answer, depending on the specific recommendation and the specific circumstances which arise.
In your third question you ask: `Is it is correct that 25 votes are required to pass a bill, without the emergency clause, that provides for total appropriations that are not in excess of that recommended by the Governor, even though one of the budget programs in a particular agency is in excess of that recommended by the Governor?' We take it in asking this question you are referring to the Governor's proposed amendment to the existing budget bill passed at the last regular session of the Legislature. We take it your question is, in essence, `May the Legislature exceed the recommendations made by the Governor for a particular agency in terms of the reduction in their previously approved budget with only 25 votes as opposed to 30?'
In that context we point out to you that the proposition being advanced to the Legislature is shall the budget be reduced as recommended by the Governor from the sums appropriated at the regular session of the Legislature in 1982. Such a proposition does not involve the question of whether the Legislature is exceeding the Governor's recommendation, thus requiring a 30 vote margin in terms of the budget being presented to the Legislature under Article IV, Section 7. Rather, the question to the Legislature is, given the current fiscal crisis, shall the budget for a particular agency be reduced and if so, by how much. That question does not require a super majority but the ordinary majority of 25 as long as the sums appropriated are not more than those sums appropriated at the regular session of the Legislature in 1982. The limitation upon the Legislature existent in this context is that imposed by the Governor's call.
We must once again caution that this general answer is predicated upon general propositions. If specific questions arise with regard to particular agencies or particular programs within agency budgets, they should individually be analyzed in terms of the general principles here involved.
In your fourth question you ask whether 25 votes would be required to pass an appropriation bill on final reading if the Governor amended his original recommendation to conform with the final reading copy of the bill prior to the final vote. Our answer to this final question is also `yes.' Obviously, the Governor may amend his recommendation at any time and we also refer you to the comments made in response to your first and second questions above in arriving at this conclusion.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General